CENTRAL TRUST CO. *v.* WABASH, ST. L. & P. R. CO., and BUTLER, Intervenor.[1]

*(Circuit Court, E. D. Missouri.   June 6, 1885.)*

1. EQUITY PRACTICE—CONSENT—MORTGAGES—EQUITABLE LIENS.
   Where, in a foreclosure suit, a claimant intervenes, and the master, to whom his claim is referred, reports that the demand has not been contested and should · be allowed, and that the intervenor is entitled to a lien for the amount due him superior to that of mortgage creditors, and no exceptions to the report are filed, and all parties in interest assent, the report will be confirmed.

2. MORTGAGES—EQUITABLE LIENS—SURETY ON APPEAL-BOND.
   *Semble*, that where a judgment is rendered against a mortgagor before the appointment of a receiver and an appeal is taken, and after the appointment of a receiver in foreclosure proceedings the judgment is affirmed, a surety on the appeal-bond, who has to pay the judgment, is not entitled to any lien, unless the judgment creditor would have been entitled to one in case his demand had remained unsatisfied.

In Equity.

*Phillips & Stewart*, for complainant.

*Wager Swayne, Henry T. Kent*, and *Green, Burnett & Humphrey*, for defendant.

*George B. Burnett*, for intervenor.

*Wells H. Blodgett*, for receivers.

TREAT, J., (*orally*.) The intervening petition of John P. Butler was brought to the attention of the court yesterday. There are no exceptions filed either before the master or before this court, yet I thought it my duty to look through the record to ascertain whether it fell within the decision made by Brother BREWER; and if so, though

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

nobody objected to it, the court would reject it. I find, however, that all parties who have any interest, public or otherwise, in the matter have assented to this small demand, and that being the condition of things I confirm the report. But I wish it understood that this decision is not to be drawn into a precedent except under like circumstances. In other words, if a party chooses to go on an appeal-bond in a suit against a corporation,—not a lien demand,—prior to the appointment of a receiver, and the appellate tribunal (it being a state proceeding) affirms the original judgment and gives the necessary judgment against the principal and his sureties, the surety has no right prior to the mortgage. Now, what was the demand? Was it a lien demand? If so, the court would admit the right, as by subrogation, of a surety who paid off that lien, to be reimbursed.

Nothing is disclosed in this particular case with regard to the original demands whether they were lien demands or not. When I asked the counsel yesterday the nature of the original demands, and whether there was any lien for them by statute, he replied he thought not. If not, why, as Brother BREWER said, should a man, who had chosen to become surety on an 'appeal-bond, the litigation extending for a greater or less time, bring his claim in here to override a mortgage, because he had paid as surety a claim at large? The proposition as thus stated, every gentleman of the profession will understand, is an elemental one. A person sues a corporation like this Wabash Company, for illustration, on a demand which is not a lien demand. The company takes an appeal; some one chooses to go on that appeal-bond. The litigation extends for a period of time, more or less, but in the intervening time receivers are appointed. They are not parties to the original litigation; they know nothing about it, and then because that surety has to pay, and in the mean time the corporation is cast into the hands of receivers on an application for a foreclosure of a mortgage, why should such parties be put in any other position, not being subrogated to a lien demand, than that of a creditor at large? Now, I see that Gen. Swayne, who is one of the counsel here, and Mr. Blodgett and others have a different idea. So, also, the counsel for the mortgagee. But Brother BREWER and myself reached a common conclusion that there should be a disclosure to this extent, viz.: If the original judgment was a lien prior in right to the mortgage, and in order to preserve the property the surety become subrogated thereto, he would be in the position of a lien creditor. But how are you prior in right through suretyship on an appeal for accounts that are not liens at all? If so, what would be the result? A man who buys a bond secured by a mortgage on a railroad could not know whether his bond was worth anything. I confirm this report with these remarks, in order that parties may understand that but for the assent of all concerned I would not allow the account.